# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NOE ARTEAGA TORRES,**<br>    **Petitioner,** | **CIVIL ACTION** |
| **v.** | |
| **J.L. JAMISON, JOHN E. RIFE,**<br>**MARKWAYNE MULLIN, TODD**<br>**BLANCHE, U.S. DEPARTMENT OF**<br>**HOMELAND SECURITY, EXECUTIVE**<br>**OFFICE FOR IMMIGRATION REVIEW,**<br>    **Respondents.** | **NO.  26-5191** |

## O R D E R

**AND NOW**, this 5th day of August, 2026, upon consideration of the Petition for Writ of Habeas Corpus (ECF No. 1 (the "Petition")), Respondents' opposition thereto (ECF No. 5), and Petitioner's reply in support (ECF No. 7) it is hereby **ORDERED** as follows:

1.    The Petition is **DENIED AS MOOT** and without prejudice to Petitioner's ability to seek habeas relief should he be re-detained.[1]

---

[1]    A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is "in custody under or by color of the authority of the United States . . . ." Article III limits federal judicial power to actual "Cases" and "Controversies." U.S. Const. art. III, § 2. A petitioner must demonstrate "an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Abreu v. Superintendent Smithfield SCI*, 971 F.3d 403, 406 (3d Cir. 2020) "[A] habeas corpus petition generally becomes moot when a prisoner is released from custody because the petitioner has received the relief sought." *Id.*; *see also Mandisha v. Oddo*, 3:25-cv-00212, 2026 WL 887010, at *1 (W.D. Pa. Apr. 1, 2026) (finding petition moot when immigration detainee has been released from custody and no habeas relief remains for the court to grant); *Harvey v. Holder*, 63 F. Supp. 3d 318, 320 (W.D.N.Y. 2014) (finding petition moot where immigration detainee has been released).

    Petitioner, a twenty-nine-year-old native of Ecuador, was detained at the Philadelphia Federal Detention Center on or about July 23, 2026. (ECF No. 1 ¶¶ 1, 23–24.) On July 28, 2026, U.S. Immigration and Customs Enforcement ("ICE") mistakenly released Petitioner from detention. (ECF No. 5 at 1.)

    In his reply, Petitioner argues that his Petition is not moot because he "can demonstrate that he will suffer some collateral consequence if [Respondents' custody determination] is allowed to stand." (ECF No. 7 at 2 n.1 (quoting *Leyva v. Williams*, 504 F.3d 357, 363 (3d Cir. 2007)).) A

2.      The Clerk of Court shall **MARK** this case as **CLOSED**.


**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**

_____

     **HODGE, KELLEY B., J.**

---

released habeas petitioner may satisfy the case or controversy requirement by demonstrating collateral consequences from the challenged act that have resulted in "concrete and continuing injury." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). A collateral consequence is concrete where it has occurred, been imminently threatened, or imposed as a matter of law. *See Barone v. Brown*, 126 F. Supp. 2d 805, 808 (D.N.J. 2001) (internal citation omitted).

Here, Petitioner argues that Respondents' representation that they are actively seeking to re-detain him under 8 U.S.C. § 1225(b)(2)(A) constitutes a "collateral consequence." (ECF No. 7 at 2 n.1.) Such possibility falls short of a concrete collateral consequence to establish a case or controversy. While Respondents argue that Petitioner's prior detention under § 1225(b)(2)(A) was lawful—an argument which this Court, hundreds of other district courts, and multiple Courts of Appeals have repeatedly rejected—it asks that the Court order Petitioner to appear for a bond hearing in immigration court. (ECF No. 5 at 4.) Thus, Respondents have not represented that they intend to re-detain Petitioner subject to § 1225(b)(2)(A), but instead that they seek to detain him under 8 U.S.C. § 1226(a). Because Petitioner has not met his burden of demonstrating that an actual case or controversy still exists, and because the relief sought in the Petition is no longer available since he is no longer in custody, this Court lacks jurisdiction over the Petition.